JANUARY 1827.

Richardson
v.
Farnsworth.

</div>

---

## MARR v. FOSTER & KIRKSEY.

To a special plea two replications were filed, one special and one general; after verdict, they being substantially the same, held not to be error.

FOSTER and KIRKSEY declared in debt in the Circuit Court of Tuscaloosa county, against Marr, on a penal bond, conditioned to perform such award as certain arbitrators might make in a controversy between them, and alleged that they had awarded, that Marr should pay $606 50, in instalments at stated times; which sums he had failed to pay, and that he had not performed said award, &c. The defendant Marr pleaded two pleas: 1st, That he had well and truly performed said award, and paid the several sums awarded, &c. Second, That the arbitrators had made no award in writing under their hands, touching said controversy, ready to be delivered, &c. both pleas concluding with a verification. The plaintiffs replied to the first plea generally, concluding to the coun-

8

Marr
v.
Foster & Kirksey

try: to the second plea they filed a replication, stating that they ought not to be precluded, &c. because said arbitrators did make their award in writing, &c. (stating it specially,) and that said Marr had failed to pay $302 33, the last instalment thereof; wherefore they say he hath not performed said award, &c. with a verification. They also filed a general replication concluding to the country, to said second plea. The defendant filed a similiter.

Marr in this Court assigned as error,

First, That there were two replications to the second plea. Second, That the replications to the second plea did not answer all it assumed to answer, and thereby discontinued the action. Third, there was no issue of fact or law joined on the second plea. Fourth, The verdict of the jury was erroneous in finding more than one issue, when only one was submitted to them, &c.

BARTON, for plaintiff in error, cited 1. Ch. Pl. 555, 618; 2. Saund. 621; 1. Saund. 338; 2. Ch. Pl. 476, 618, 619.

PICKENS, for defendants, cited 1. Saund. 228, n. 1; 1. Ch. Pl. 626, 444, 617, 546, 399; 1. Saund. 337, b. n. 3; 10. East. 81.

JUDGE CRENSHAW delivered the opinion of the Court.

IN this case it is assigned for error, first, that there are two replications to the second plea. The second plea is, that the arbitrators made no such award as is set forth in the declaration. To this plea the plaintiff has replied, that there was such an award, and sets it forth in words at length; he has also replied generally, that there was such an award without setting out the award. It is conceived that, though these replications do both answer the same plea, yet as they are consistent, and differ only in one being special, and the other general, after verdict on a material issue tried, this is not error. In the second place it is assigned for error, that the replication to the second plea does not answer all that it assumes to answer, and thereby discontinues the action. On inspection it does not appear to the Court, but that the replication does answer all that it assumes to answer: and if it did not, it was a defect available only on demurrer, and is aided by the verdict. The third error assigned is, that there was no issue at law, or of fact, on the matter set forth in the second plea. The general replication to this

plea concludes to the country, on which the defendant joined issue in fact, and which was tried by the jury ; this assignment is therefore not sustained by the record. The fourth assignment of error is, that the jury found for the plaintiff more than one issue, when one only was submitted. The verdict is, they find the issues for the plaintiff, in the plural, and not in the singular number : *Omne majus in se continet minor*, the singular is contained in the plural, and this is no error. The fifth assignment is too general, and therefore cannot be taken into consideration. We have no hesitation in affirming the judgement of the Circuit Court.

JUDGE GAYLE presided below and did not sit.